The next matter is No. 16325, Valerie Page v. Amtrak, Inc. I did reserve two minutes. Yes, you may. Thank you. Good morning, Your Honors. Good morning. If it would please the Court, my name is Anthony Sinneni and I represent the estate of Sean Page. Mr. Page's estate is here today to ask that you overturn the District Court's ruling on an adverse ruling at summary judgment. This case is about Sean Page being struck by an Amtrak commuter train and killed. The issue that was brought mainly by the defendants at summary judgment was that Mr. Page was a trespasser at the area where he was killed. Further investigation and further briefing on the matter at summary judgment yielded that, in fact, there was no conclusory evidence that Mr. Page was a trespasser, so that all the analysis of the summary judgment motion that was based on that, which is the entire analysis of summary judgment, fails as a result of that because that material disputed fact carries over into every aspect of the matter. He's a trespasser. A trespasser or not is irrelevant to the District Judge's ruling. He didn't base it on a determination that he was a trespasser. He concluded that the claim fails even if he's an implied invitee, didn't he? There was no conclusion in the District Judge's opinion that the decedent was a trespasser and that that was determinative of his analysis. He based it on entirely unrelated grounds to that, didn't he? He did, but I think that the District Court ignored the fact that that decision, that factual decision, which is a factual decision, whether or not Mr. Page is an invitee or a trespasser or... But he assumed your position that he was an invitee and said even if he's an invitee, you lose. So whether he was a trespasser or not is not material to the resolution of the motion. Well, the issue on whether or not he's an invitee is a material dispute because there is no evidence... You contend he's an invitee, right? No. What do you contend he was? He actually had superior property rights to the railroad. Why does that matter in terms of the duty that Amtrak owed in this case? Because if Mr. Page had the right of way, then Amtrak's duty increases in terms of the reasonable foreseeability of someone crossing... You're saying legally someone crossing the track could walk into the middle of the track and just stand there, look at the train, run him down, and it would be a breach of... that he has a right to do that and force the train to stop? No, but the train... I think we have to have a little background here. As you know, railroad tracks are very long and they cross many parcels of land so that at each parcel there has to be some sort of license... They cross public ways all the time and a person can't stop their car on the track and require the train to stop. Main law is quite clear that in fact it's the opposite. So even if you assume that this was public land, like a road, and there was a roadway right-of-way across the track, main law makes very clear that the person driving the car across the track has a duty to get out of the way of the train. And so I don't see where the legal basis to say that the obligation is different than that owed to an implied invitee. I'm not even understanding that argument. Because I think that the statute that you're referring to, Your Honor, talks about without reason or without right to be there. And that's not what the situation was in terms of the facts of this case. Mr. Page very well may have had a superior right to be at that location. Well, it was a superior right. Well, it was a superior right. In Maine, you cannot adversely possess against a municipality. So the railroad, even though it ran across this divided cut street that was turned into a dead end because the railroad tracks cut through it, never was licensed to or in any way can the defendant show given the right to the railroad to cross there as a superior right to the people who are crossing as pedestrians. And it was going on for 30 years at least that we know. So I just don't see where that gets you. I mean, go back to Judge Barbadero's question. When you say superior right, are you saying he could stand there on the track and put up his hand and stop the train? I don't think you are. I'm not. So what difference does it make who had the superior right? What difference it makes is that people who have the use of that land, which would be the railroad that we're talking about, knowing that there's foreseeability of the extent of the danger that exists where it's a heavily trafficked crossing across the street, have a duty to at that point do something to either warn or to take precautions so that that injury does not occur. But what's a warning have to do with this case? Well, the warning was given according to what it says. The client knew there was a railroad track there. Pardon me? The client knew there was a railroad track there. My client knew there was a railroad track there. So what was he going to be warned about? Well, the railroad knew that there was a crossing there as well. Fred, where are you trying to go with this case? If they put up a sign that said careful railroad track warning, it wasn't going to do anything. This guy crossed it 100 times. Well, yes. You have to somehow establish that the railroad had a duty to erect some barrier that would have prevented him from wandering onto the track as he's listening to music on his earbuds, knowing he's crossing a track. But until they show that they had a right to actually be on those tracks on that land, until that's established and that's disputed, I don't think we get to the next level of analysis as to whether or not the… Are you disputing that the railroad didn't have a right to be there? What? You're disputing that the railroad didn't have a right to be there? The railroad only was there because of long-term use. In terms of the law and the legality of title, license, whatever type of property right that they should have had, it didn't exist. So, yes, that can be argued that they didn't have a right to be there. Well, what if it wasn't permissive use? Isn't the most you can say is they didn't own it, they didn't have a formal right of way, but they were using it with permission? Well, that's exactly what we can't do in summary judgment is speculate about what the actual facts of the… What other possibility could there be that they were… What's your… What is your… My theory is that it was overlooked for a long period of time and that ultimately when it was discovered that that was the situation that they did not have the actual legal property right to be there. It was unfortunate that that's where Mr. Page was hit. Back to Judge Barbadero's question, if you go that route, you seem to actually be saying the train had no right to be there, that tomorrow that train can't be there legally. I think that it could be enforced that way, yes. And that your client had a permissive right that would allow him to prevent the train from being there? That would what? That would allow him to bar the train's presence there? I still don't understand your client's… Not at all, Your Honor. Your client's legal interest is vis-a-vis any rights or disputes regarding the railroad. No, not at all. If they were cognizant of the fact of what they didn't have as a property right at that point and the fact that this was a highly traveled path, they had a duty under the case law to establish some sort of precautions, one of which would have been just to go slow enough to stop at any point in time when they see someone on the tracks. They saw someone way before they got to that point. He was traveling at the speed limit for that stretch of track, wasn't he? Well, that's just it. The speed limit is not necessarily governed by anything other than what is foreseeably prudent in terms of not causing such an accident. Was there a speed limit for that portion of the track? There was a… yes. I think there was, and I think he was traveling within it. It was undisputed. I don't know if that makes it prudent, based on all of the facts which the case law suggests you have to look at if they knew that people were constantly crossing there and they couldn't stop at that rate of speed. Good morning, Your Honors. My name is John Bonastelli on behalf of National Railroad Passenger Corporation. In response to your question about put a hand up and stop, in essence that's what the plaintiff is arguing in this case, and it was crystallized in the argument before Judge Hornsby at the end of the summary judgment. Are you saying that no matter what speed the train was traveling at, that the train engineer, the train company, has the responsibility in this area to stop the train no matter what? If somebody approaches the track, if somebody crosses the track, impose it on the engineer to have to stop the train. And the very well reasoned opinion of Judge Hornsby sets out the issue about how Maine law has emphasized over the years that it's the responsibility of the traveler, not the railroad, to stop. That the traveler has the duty to approach railroad tracks cautiously, not to assume that it's clear. I'm trying to create the best argument I can for the plaintiff here, so let me set this up and see if you can respond to it for me. Amtrak doesn't own the track, doesn't have the power to install signs and gates, can't be liable for failing to do that. Amtrak wasn't traveling at an excessive rate of speed, it didn't fail to blow the whistle, it didn't fail to try to apply the brakes. All of those things are arguments that I don't see how they could possibly prevail on here. To the extent I could construct one for the plaintiff, it would be this. Amtrak is a non-possessor. Amtrak can be liable as a non-possessor when it negligently creates conditions that cause an injury. By operating the train over the track, under circumstances where they can reasonably be expecting that there be people crossing the track at an ungated track, they are a non-possessor creating that condition that causes the injury. That's about the best I can do to construct an argument for the plaintiff. What's your response to that? Well, I think that's what the plaintiff has attempted to suggest. So they are a non-possessor. As a non-possessor, a possessor doesn't even have the responsibility to put up fences, to put up signs, to stop those things. And as Judge Hornsby said, you can't impose that on somebody who's operating under a trackage agreement for a track that's been there since 1871. And there's nothing in this record, and there was a question about the record, we filed a motion to dismiss because there was no appendix attached to this brief and we filed a motion to supplement it, to bring the pleadings and documents. I'm trying to just construct this argument again. What about the argument that they really cannot operate over that track in a way that's unreasonably dangerous, even though they're not a possessor, and by doing so they create the condition which causes the harm, and they did it in an unreasonable way because there is no reasonable way you can operate a train over that track given what is there, a path that people are going to cross and present a danger to. Well, there are two issues. There are the main statutes that say that you can't bring a wrongful death action if you get hit on the tracks. Secondly, there's a statute that says that as an individual you can't walk on the tracks. And then the abundance of case law that says under those circumstances, now this was a main street crossing with gates and whistles. This was some section in between a station and a crossing. But you don't want to get into factual disputes about who owns what here, so this argument that the statute says you can't walk on the track, his argument is, no, I'm an implied invitee. I'm allowed to cross the track at that point. That statute simply doesn't apply. I don't think you need to get into those kind of distinctions to present your case, do you? No, no, I don't think so. The bottom line of it is there's nothing in the record to suggest that Amtrak A, even knew about this area as being a wrong path or people crossing it. The only thing in the record is an affidavit from a police officer who's been there for 30 years and says that people cross there. But there's nothing on Amtrak as an operator under a trackage agreement to suggest that they know about this as a cut-through from West Cutt Street, the plaintiff's home, to Cutt Street. There's nothing to suggest that Amtrak knew about that. Does Amtrak have a right to expect that people crossing the track will look up and not get in the way of the train if it's coming down the track at a reasonable rate of speed? The Cobb v. Main Central, the Hazleton v. Main Central, the Smith case, just identify 12 items that it's the duty of the traveler to watch out for his own welfare, to listen, to look, to avoid, to not be careless, to not be reckless, to not be going around with headphones, to not turn your back, to not ignore. So a litany of what a traveler, and let me talk about the public interest. The public has an interest in transportation and an expectation that you can proceed on a schedule in a reasonably expeditious timeframe, and that these trains can't steer out of the way. These trains, when they stop with the weight that they have, it takes thousands and thousands of feet. The Main case law says it is the duty of the traveler to exercise care for his own welfare, to listen, to respond to warnings, to exercise judgment. Engineers, under the case law, it says, can assume people are going to be around the tracks, can assume that people are going to avoid injury and harm and danger to themselves. So the Main case law, and that was themselves, both at the hearing and the summary judgment and Judge Willoughby's fairly well-reasoned opinion, Your Honor. Unless there's anything else, I submit on the briefs and suggest that the plaintiff cannot recover further to your point, as Judge Hornsby indicated, it was the plaintiff's negligence that caused this. There is no evidence that Amtrak was negligent. The suggestion that they were negligent was that they were on a track and their speed, their speed was 46 miles an hour in a 60 mile an hour zone, no dispute about that. And in no way, even if there was some negligence on behalf of Amtrak, in no way did it in any way exceed the negligence of the plaintiff in this case. So for those reasons, submit to the court that the plaintiff cannot recover. Thank you. Thank you. Just briefly, if I could touch on a few of the issues. I think that the analysis here is that this is actually a very narrow area. It's a street that was abandoned and a footpath was made through it. If we assume that the railroad track owned either side of the other parcels of land, certainly knowing after 30 years, I mean, children, school children, bicyclists, all types of people crossed there. The police officer who testified at deposition said that he knew of this for 30 years. There's no way that the railroad could have known that people are crossing there on a daily basis. A satellite picture showed people crossing just by chance on Google. So at that point, the railroad, I think, just neglected to look at its own records to find out that they do not have any right to be on this parcel of land, that they are creating the danger there. There are simple things that could have happened. Lights could have been put up, all sorts of things that show that the train is coming. This was an accident waiting to happen. This was caused by the railroad not anticipating that this is a dangerous condition. Going 45 miles an hour, even if it's a 60-mile-an-hour zone, doesn't give the railroad the right to create a dangerous condition where an injury like this could occur. I think that that's the level of analysis that we have to go to. Yes, the statute, or the law, I mean, is somewhat what Mr. Bonestelli said, but he neglected to also give us an example of the statute 7-006 and 23-7007 that says if the person has a reasonable right to be there, that that extinguishes any other superior right of the railroad. So for that reason, I think that Mr. Page had the right to be there and that the railroad did cause the danger that resulted in his death. Thank you.